UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6261-CR-FERGUSON/SNOW(s)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| DAVID DICKINSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

FILED by _____ D.C.
INTAKE
JUL - 1 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL
DISCOVERY AND FOR PROTECTIVE ORDER**

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and hereby files its response in opposition to the defendant's Motion to Compel Discovery and for Protective Order and states as follows:

1.  The defendant has been charged in a two-count indictment with possession of child pornography and with obscenity charges, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 1462(a);

2.  The defendant is moving to compel the government to provide two mirror images of the hard drive from the defendant's computer. This hard drive contains numerous graphic images of children engaged in sexually explicit conduct;

3. The defendant asserts that he needs the mirror images in order to have the hard drive examined by an "expert," Marcus Lawson, in Lawson's laboratory in Spokane, Washington, and to allow defense counsel to conduct his own examination or investigation here in Fort Lauderdale; and

4. The government objects to the release of the hard drive, in that it contains images of child pornography. The government further objects to the transportation of the hard drive to the laboratory of Marcus Lawson in Spokane, Washington. Finally, the government objects to the retention of Marcus Lawson as an "expert" in this case as his qualifications to perform a forensic examination are suspect. While the government is unaware of the precise fees being charged by Mr. Lawson, the fee quoted by defense counsel at Calendar Call, $1,800 per day for trial testimony, is exorbitant given the fact that the defendant is charged only with possession of child pornography, and not with distribution or transportation which would require more complex analysis.

## **MEMORANDUM**

The hard drive at issue in this case contains hundreds of graphic images of child pornography. The defendant requests that the hard drive be duplicated and copies provided to defense counsel and to the defense expert, Marcus Lawson. First, the government objects to providing copies of the hard drive in that disseminating and transporting child pornography simply violates the law. To allow defense counsel to retain a copy of the hard drive at his office for use with his investigator and the defendant unnecessarily creates the risk that the images will be lost, stolen, duplicated or disseminated. Similarly, transporting (either personally or via commercial carrier) the hard drive from South Florida to Spokane, Washington, unnecessarily

creates the risk that the hard drive will be intercepted or lost and images disseminated. The government has advised counsel for the defendant that they are welcome to view the hard drive and its contents in a private laboratory setting at the Law Enforcement Against Child Harm Task Force. Contrary to defense counsel's assertions, the expert and defense counsel would be permitted to examine the hard drive without any interference from law enforcement in this environment. Conducting the examination in this controlled law enforcement setting is the only means of ensuring that the images of child pornography will not be compromised.

Second, it has come to the government's attention that Mr. Lawson's "laboratory" is actually in his residence in Spokane. Certainly, such does not constitute a "secure laboratory setting." Further, Mr. Lawson claims that he is qualified to be an expert in forensics based upon his employment with the United States Customs Service. Interestingly, Mr. Lawson never even attended the Customs Service training class for forensic analysis of computers. Nor was he ever certified by Customs to duplicate hard drives. Nor is he a member of IASYS, a national organization of computer forensics experts. In addition, while his website for Global CompuSearch states that he has investigated a thousand child pornography cases during his employment with Customs, information from the Customs Service reveals that that number is actually closer to two hundred cases.

The government has provided the defense with a workable alternative, one that does not result in the transportation or distribution of child pornography and one that does not run the risk of child pornography being unwittingly disseminated in this community or elsewhere in the United States.

WHEREFORE, the government respectfully requests that the defendant's motion to compel be denied in all respects.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar Number 100765
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, FL 33394
(954) 356-7255, ext. 3512
(954) 356-7336 (FACSIMILE)

### CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing Response to Defendant's Motion to Compel was served by United States mail this ____ day of July, 2002, to: David Hodge, Esquire, 727 NE 3rd Avenue, Suite 100, Fort Lauderdale, Florida 33304.

_____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY