UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6261-CR-FERGUSON/SNOW(s)

UNITED STATES OF AMERICA    )
                            )
        Plaintiff,           )
                            )
vs.                         )
                            )
                            )
DAVID DICKINSON,            )
                            )
        Defendant.          )
_____)

## GOVERNMENT'S MOTION FOR RECONSIDERATION

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and hereby files its motion for reconsideration of the Court's granting of the defendant, David Dickinson's motion to compel and entry of a protective order, and states as follows:

Since the granting of the defendant's motion to compel, the Government has encountered considerable difficulty in attempting to comply with the Court's Order. First, the law enforcement agencies involved in this case have raised substantial and valid concerns as to their own duty to not disseminate child pornography. Second, defense counsel has been advised of the considerable cost associated with making two copies of the hard drives. As defense counsel has been appointed under the Criminal Justice Act, all of these costs, in addition to the substantial

fees being charged by the defense expert, Marcus Lawson, will be borne by the taxpayers. It is believed that counsel for the defendant will be making, or has made, application to the Court for authorization to incur these additional costs.

Given that this is a simple possession of child pornography case, the Government submits that the objectives of the defense can be accomplished by simply having Mr. Lawson travel to South Florida. The Government would also note that there are other experts in the field of computer forensic examinations who have been utilized in Federal Court in this district. These local experts could easily view the hard drive in a secure law enforcement location without the need for the hard drive to be copied and disseminated.

In its initial response to the defendant's motion, the Government noted that allowing the dissemination and transportation of child pornography simply violates the law. In support of this argument, the Government relies upon the cases of *United States v. Kimbrough*, 69 F.3d 723, 731 (5th Cir. 1995) (child pornography is illegal contraband and nothing in Rule 16 provides that such contraband can be distributed to, or copied by the defense); and *United States v. Horn*, 187 F.3d 781, 792 (8th Cir. 1999) (child pornography tapes are *prima facie* contraband).

Based on the foregoing, the Government would respectfully request that the Court reconsider its order granting the defendant's motion to compel and entry of protective order.

WHEREFORE, the government respectfully requests that the Court grant this motion for reconsideration and order the defendant to have his expert, whether Marcus Lawson or another, examine the hard drive in the secure environment of a local law enforcement agency.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *Kathleen Rice*
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar Number 100765
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, FL 33394
(954) 356-7255, ext. 3512
(954) 356-7336 (FACSIMILE)

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing Response to Defendant's Motion to Compel was served by United States mail this 11th day of July, 2002, to: David Hodge, Esquire, 727 NE 3rd Avenue, Suite 100, Fort Lauderdale, Florida 33304.

*Kathleen Rice*
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY

3