UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA            CASE NO. 00-6261-CR-FERGUSON(s)
         Plaintiff,

vs.

DAVID DICKINSON,

         Defendants.
_____/

### RESPONSE TO GOVERNMENT'S MOTION FOR RECONSIDERATION

Defendant, David Dickinson, files this response to the government's motion for reconsideration [D.E.45] of this Court's July 1, 2002 Protective Order [D.E.44], granting defendant's motion for discovery requiring the government to provide mirror image copies of two computer hard drives, nine diskettes, and copies of all images printed by them (the government) of pictures from these sources.

The government raises two concerns regarding their compelled compliance with the defendant's discovery need. First they say that compliance will be difficult and that compliance will violate their duty not to disseminate contraband. This argument was amply addressed in the defendant's original motion to compel discovery [D.E.40]. It is important to note that the government has already duplicated this material and has printed copies of these alleged pornographic materials for their own purposes. It is only the defendant, his counsel, and their expert that has been denied an opportunity to investigate this case. The requested copies will reveal important and crucial data that will assist the defense in defending these charges. Merely examining these computers, diskettes, and printed materials will not be adequate. As indicated in the original motion to compel, the defense expert needs approximately 25 hours of computer lab



analysis with his own software to answer numerous investigative questions as well as achieving an understanding of other critical issue(s) that are presented in this case.

Additionally, the government has already made copies for the defendant of one hard drive and has attempted to make the copies of the second hard drive but could not because the new blank hard drives provided by the defense were two small for the second set of copies. What we mean to say is that Detective Love contacted undersigned defense counsel and requested that defense counsel provide new blank hard drives and diskettes to him so that he could make arrangements to copy the material. Detective Love directed counsel to provide four(4) 20 gigabyte hard drives. Counsel did that but learned that one of the computers requires a bigger hard drive to copy onto. Now undersigned counsel will be providing two 30 gigabyte hard drives for the second duplication. To date the government has two mirror image copies of one computer hard drive available for the defense. They are however retaining those until this Court rules on the government's motion for reconsideration.

As far as the government's concern about turning over these materials to the defense those points are adequately addressed in the Court's Protective order signed on July 1, 2002. Moreover it should be pointed out that the government has already done what it opposes within it's own prosecution team. The Ft. Lauderdale Police Department has transferred these computers first to BSO and now to the FBI. However these distributions were necessary to achieve the "special function" of those bodies. Likewise turning this material over to the defense under the parameters of the protective order accommodates the defense's "special function" in this process. Additionally they have duplicated these hard drives on to CD ROMS for there own investigative purposes. It is only the defense that can not investigate this matter without obtaining the mirror image duplications.

The other concern expressed by the government is the expense involved in appointing a defense expert, specifically Marcus Lawson under the CJA to assist appointed counsel in this case. The government states that a local expert ought to be retained. Undersigned counsel did search for a local expert in this area but could not locate any that had the credentials that former Agent Marcus Lawson has. In fact after checking out one such expert that had been used in trial in this district undersigned counsel was informed that the expert was terrible. On the other hand three separate sources highly recommended Marcus Lawson. Mr. Lawson has a reduced rate of $135.00 dollars an hour for appointed federal cases. As stated previously he expects to need approximately 25 hours to analyze the disk and assist the defense with leads and answers to questions. This would cost approximately $3,375.00. Additionally, Mr. Lawson will charge $1,800.00 for the first day of testimony and if needed after that his rate is $190.00 per hour. This is far less than the government has spent and will spend with it's use of the FBI and other Law Enforcement resources. Subsection (e) of the CJA provides that presiding judicial officers may authorize appointed counsel to obtain investigative, expert or other services necessary for adequate representation. *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1979). These services are funded by the CJA. Without the use of Marcus Lawson in this case undersigned counsel can not defend this case. Defendant's 5th and 6th amendment rights guaranteed under our United States Constitution would be violated without this necessary assistance in this case.

Wherefore, based on the foregoing the Defendant, David Dickinson, respectfully request that the Court deny the government's motion for reconsideration.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 5th

day of July, 2002 to: Kathleen Rice, A.U.S.A., 500 East Broward Blvd., Suite 700 Ft .Lauderdale, Florida 33301.

                                       Respectfully submitted,

                                       DAVID P. HODGE
                                       727 Northeast Third Avenue
                                       Suite 100
                                       Fort Lauderdale, Florida 33304

                                       Telephone(954) 462-6145
                                       Fax (954) 462-4393

                            BY: _____
                                 David P. Hodge
                                 FBN 478008