UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6261-CR-FERGUSON(s)

UNITED STATES OF AMERICA
       Plaintiff,

vs.

DAVID DICKINSON,

       Defendants.
_____/



## MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR AN EVIDENTRY HEARING

Defendant, David Dickinson, files this motion to suppress the computer and all the computer components and all evidence flowing from the aforementioned including any and all alleged pornographic images related to the computer or components seized in this case. This motion is based upon the Forth Amendment of the United States Constitution and has two independent ground to support the suppression of this evidence. First, the evidence ought to be suppressed because the search warrant used to seize the computer and it's components was based upon an illegal search which occurred in the Defendant's home on December 8th, 1999, by Fort Lauderdale Police Officer Chris Reyes, (#948). This search involved Officer Reyes entering the Defendant's home without consent and walking into the Defendant's kitchen, picking up the Defendant's wallet from the top of a micro wave oven, opening the wallet and searching the wallet's contents; thereafter Officer Chris Reyes did reconnaissance inside the dwelling and opened folders and read paper work. This unlawfully gained information was used to get a search warrant. All evidence seized as a result of this search warrant should be suppressed as a 4th Amendment violation.

The second reason for the suppression of this evidence is that the search warrant if valid limited the government intrusion into the computer and it's components to search for text files or information relative to theft. The alleged pornographic files searched in this case were outside the scope of the first search warrant. The second search warrant which authorized the search for photography was based upon the illegal search pursuant to the invalid first search warrant or upon an improper search that exceeded the scope of the first warrant.

## MEMORANDUM OF LAW

The Supreme Court has drawn a firm line at the entrance to the house *Kirk v. Louisiana*, 122S.Ct. 2458 (June 24, 2002). Officer Reyes' warrantless entree into the Defendant dwelling was improper and the reconnaissance he did made the search warrant based upon information he gathered for use in the search warrant invalid. The issuance of the search warrant must not be influenced by information flowing from a prior illegal search. *Murray v. United States*, 487 U.S. 533, 542 (1988), *United States v. Madrid*, 152 F.3d 1034, 1041 (8th Cir. 1998).

Wherefore, based on the foregoing the Defendant, David Dickinson, respectfully request an evidentry hearing and that the Court grant this motion to suppress.

## 88.9 CERTIFICATION

I Hereby Certify that I have discussed this motion to suppress with AUSA Kathleen Rice and she does object to this motion.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 25nd

day of November, 2002 to: Kathleen Rice, A.U.S.A., 500 East Broward Blvd., Suite 700 Ft .Lauderdale, Florida 33301.

Respectfully submitted,

DAVID P. HODGE
727 Northeast Third Avenue
Suite 100
Fort Lauderdale, Florida 33304

Telephone(954) 462-6145
Fax (954) 462-4393

BY: _____
David P. Hodge
FBN 478008