UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6261-CR-FERGUSON(s)

UNITED STATES OF AMERICA
    Plaintiff,

vs.

DAVID DICKINSON,

    Defendants.
_____/



# OBJECTIONS TO PSI AND MOTION FOR DOWNWARD DEPARTURE

Defendant David Dickinson, by and through undersigned counsel, respectfully objects to certain findings in the PSI and in support thereof says:

1. Defendant, David Dickinson objects to the 2 level Special Offense Characteristic pursuant to §2G2.4(b)(1); an enhancement alleging that the material involved a prepubescent minor under the age of 12. Both the United States and the defense agree that this specific offence characteristic does not apply to this case. In fact the PSI correctly states that a forensic examination was not done to support this finding. Moreover this finding would be impacted by the decision of the Supreme Court in *Ashcroft v. The Free Speech Coalition*, No. 00-795 (4/16/2002). That is why the government superceded and added the obscenity count which is the count of conviction.

2. Defendant, David Dickinson objects to paragraph 36 where he is assessed 1 criminal history point. This offense was consolidated with the offense in paragraph 35 as well

1

as all of these cases are related and were consolidated and sentenced on the same day.

3. Defendant, David Dickinson objects to the 2 point criminal history enhancement in paragraph 44. This offense is described in paragraph 31. The 2 points was applied because of the issuance of a bench warrant on May 5, 1995. This warrant was not served on the defendant after his arrest on July 24, 1995, paragraph 32. Moreover there were other opportunities for the government to exercise the warrant but they choose not too. This becomes an arbitrary and capricious application of this factor to this defendant. The refusal to serve the warrant on the defendant should not be construed to the detriment of David Dickinson. To do so would unfairly impact his criminal history category.

4. Defendant, David Dickinson, moves this Court for a downward departure in his criminal history because of an over-representation of his category to his actual conduct. Paragraph 32 is a misdemeanor offense that was elevated to 2 criminal history points because of a VOP. The timing of the VOP in relation to the instant offense cause an additional point to be added to the criminal history.

5. Defendant, Dickinson respectfully request that his criminal history points be reduced by 4 points bringing him into a category III. Presently he has 10 points. If 1 point was deducted from the paragraph 36 offense because those offense are related to the paragraph 35,37,38,39, and 40 offenses and were related and consolidate for sentencing. Also request is made to deduct the 2 points for committing the instant offense while under supervision, the paragraph 44 enhancement. Support for this request is in paragraph 3 of this motion. In addition the defense request that 1 point be reduced based on the offense in paragraph 32, the misdemeanor battery due to the

timing of the instant offense. That 1 point was added based upon the VOP and 90 day sentence this ended up being assessed as a 3 point enhancement a 1 point deduction would more fairly balance this conduct to the criminal history category.

Wherefore the David Dickinson respectfully request that this Honorable Court make findings of fact an conclusions of law consistent with these objections and request.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 19th day of February 2003 to: Kathleen Rice, A.U.S.A., 500 East Broward Blvd., Suite 700 Ft. Lauderdale, Florida 33301 and by fax to Tracey L. Webb U.S. Probation Officer, 299 E. Broward Blvd., Rm 409, Ft. Lauderdale, Fl 33301-1168.

Respectfully submitted,

DAVID P. HODGE
727 Northeast Third Avenue
Suite 100
Fort Lauderdale, Florida 33304

Telephone (954) 462-6145
Fax (954) 462-4393

BY: _____
David P. Hodge
FBN 478008

3