PROB 12B
(SD/FL 9/96)

SD/FL PACTS No. 71676

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

APR 18 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### CASE NO. 00-6261-CR-HURLEY

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: David Dickinson

Name of Sentencing Judicial Officer: The Honorable Wilkie D. Ferguson, Jr., U.S. District Court
Judge, Fort Lauderdale, Florida

Name of Reassigned Judicial Officer: The Honorable Daniel T.K. Hurley, U.S. District Court Judge,
West Palm Beach, Florida

Date of Original Sentence: February 28, 2003

Original Offense:     Count II: Use of the Internet to Transport Obscene Pictures in violation of Title
18 U.S.C. § 1462(a), a Class D felony

Original Sentence:    Thirty (30) months Bureau of Prisons followed by three (3) years supervised
release with the following special conditions: 1) Not be employed in a job
requiring contact with persons under the age of 18; 2) Not be involved in any
children's youth organization; 3) Participate in sex offender treatment to include
psychological testing if deemed necessary; 4) Not incur any further debt without
first obtaining permission from the U.S. Probation Officer; 5) Maintain full-time
legitimate employment and not to be unemployed for a term of more than 30
days unless excused by the U.S. Probation Officer; 6) Obtain prior approval
from the U.S. Probation Officer before entering into any self-employment; 7)
Not possess or use a computer with access to any on-line computer service at
any location (including employment), without the prior approval of the U.S.
Probation Officer. This includes any Internet Service provider, bulletin board
system, or any other public or private computer network; 8) Not buy, sell,
exchange, possess, trade or produce visual depictions of minors or adults
engaged in sexually explicit conduct. Further, the defendant shall not
correspond or communicate in person, by mail, telephone or computer with
individuals or companies offering to buy, sell, trade, exchange, or produce
visual depictions of minors or adults engaged in sexually explicit conduct. He
was assessed $100.

Type of Supervision: Supervised Release          Date Supervision Commenced: October 22, 2004

PROB12B                                                SD/FL PACTS No. 71676
(SD/FL 9/96

**NAME OF OFFENDER: DAVID DICKINSON          CASE NO. 00-6261-CR-HURLEY**

## PETITIONING THE COURT

[  ]     To extend the term of supervision for _ years, for a total term of _ years.

[X]     To modify the conditions of supervision as follows:

**Home Detention with Electronic Monitoring:  The defendant shall participate in the Home Detention Electronic Program for a period of 90 days. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation. The defendant shall maintain a telephone at his place of residence without 'call forwarding,' 'call waiting,' a modem, 'caller ID,' or 'call back/call block' services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.**

## CAUSE

1.     <u>**Violation of Mandatory Condition,**</u> by failing to refrain from violation of the law.  On or about April 7, 2005, in Broward County, Florida, the defendant was arrested by the Sunrise Police Department and charged with Theft to Deprive.  On or about July 7, 2005, the defendant pled Nolo Contendere pursuant to Docket Number 05-012121MM10A in Broward County Court and was sentenced to court fees of $226.

2.     <u>**Violation of Standard Condition,**</u> by failing to notify the probation officer within seventy two hours of being arrested or questioned by a law enforcement officer.  On or about April 7, 2005, the defendant was arrested by the Sunrise Police Department, in Broward County, Florida, and he failed to advise the U.S. Probation Office within seventy two hours as required.

On February 16, 2006, during a routine record check the undersigned determined that the defendant had been arrested on or about April 7, 2005, for Retail Theft.  Further investigation revealed that the defendant pled Nolo Contendere to that charge on June 7, 2005, and was fined.  Mr. Dickinson never reported his arrest and conviction to the U.S. Probation Office as required.

The circumstances of the arrest are as follows: On or about April 7, 2005, officers from Sunrise Police Department made contact with Loss Prevention staff at Walmart.  According to the police report, Loss Prevention officers observed the defendant in the Electronics department of the store selecting DVD's.  After selecting the DVD's the defendant was followed into the Hardware department where he was observed placing the DVD's into a binder that he was carrying.  The defendant then walked to the outside Garden Center, placed the binder on the ground where he concealed it.  The defendant walked back through the store, exited the store, and returned to the Garden Center where he picked up the binder.  Store Security stopped the defendant without incident. The defendant was taken to the Security Office where he voluntarily admitted that he in fact attempted to steal the DVD's.

Sunrise Police Department issued Mr. Dickinson a notice to appear and he was released.

PROB12B                                                    SD/FL PACTS No. 71676
(SD/FL 9/96

**NAME OF OFFENDER: DAVID DICKINSON          CASE NO. 00-6261-CR-HURLEY**

Ultimately Mr. Dickinson appeared in Broward County Court on or about July 7, 2005, where he pled Nolo Contendere to the misdemeanor charge of Theft to Deprive, and was sentenced to court costs totaling $226.

Mr. Dickinson did not report his arrest and his conviction within seventy two hours as required. Mr. Dickinson was confronted on February 17, 2006, regarding his arrest and conviction, and offered no explanation as to why he failed to report either.

It is suggested that an appropriate sanction for the two violation listed would be ninety (90) days Home Confinement. Mr. Dickinson concurs with the sanction, and has in fact signed a Waiver of Appearance agreeing to participate in the Home Confinement program for ninety (90) days.

Should Your Honor concur with the recommendation of the U.S. Probation Office, please make the appropriate notation below. If further information is required please contact the undersigned.

Respectfully submitted,

by

Steven G. Aasterud
U.S. Probation Officer
Phone: (954) 769-5507
Date: March 28, 2006

SGA/dee

**Reviewed and Approved by:**
Carolyn M. Gamble, Supervising
U.S. Probation Officer

THE COURT ORDERS:

[ ]     No Action
[ ]     The Extension of Supervision as Noted Above
[ ]     The Modification of Conditions as Noted Above
[X]     Submit a Request for ✓ Warrant or _ Summons

Signature of Judicial Officer

April 17 2006
Date

PROB 49
(3/89)

SD/FL PACTS #71676

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**Home Detention with Electronic Monitoring:** The defendant shall participate in the Home Detention Electronic Program for a period of 90 days. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation. The defendant shall maintain a telephone at his place of residence without 'call forwarding,' 'call waiting,' a modem, 'caller ID,' or 'call back/call block' services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.

Witness: _____
U.S. Probation Officer
Steven G. Aasterud

Signed: _____ Probationer
or Supervised Releasee
David Dickinson

4-4-06
Date