UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6261-Cr-HURLEY

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

DAVID DICKINSON,

    Defendant.
_____/

### ORDER REVOKING BOND OF DEFENDANT DAVID DICKINSON AND DETENTION ORDER AS TO DAVID DICKINSON

On May 23, 2007, a hearings was held on the Second Superseding Petition for violation of conditions of pretrial release. Representing the Defendant was Alvin Entin, Esq. For the reasons that follow, this Court **GRANTS** Revokes the Defendant's Bond, and **FURTHER ORDERS** that the Defendant, DAVID DICKINSON, be detained pursuant to 18 U.S.C. § 3148.

### Background

On February 28, 2003, the defendant was sentenced to 30 months imprisonment to be followed by 3 years supervised release, for the crime of use of the internet to transport obscene pictures. On October 22, 2004, the defendant commenced his period of supervised release. On July 12, 2006, the defendant's conditions of release were modified to include electronic home confinement monitoring for 90 days due to having committed the offense of Theft to Deprive on April 7, 2005.

On January 22, 2007, the original petition was submitted on allegations that: (1) the

1

defendant, as a sex offender, had failed to report a change of address in January, 2007, to Florida Department of Highway Safety Motor Vehicles within 48 hours; (2) the defendant had failed to notify probation within 72 hours of being questioned by law enforcement in relation to a domestic violence incident in January, 2007; (3) the defendant had failed to notify probation of a change in address for five days in January, 2007; and (4) the defendant failed to maintain full time employment for more than 30 days after his termination of employment on November 9, 2006.

On February 16, 2007, at his initial appearance, a $50,000 personal surety bond was set after a bond hearing. (DEs 89, 91)

On April 12, 2007, a Second Superseding Petition was signed adding the following violations: (5) failing to participate in a sex offender treatment program on February 6 and 28, and March 6 and 20, 2007; and (6) failing to refrain from violation of the law for committing the offense of Domestic Violence on January 25, 2007, and for failing to comply with the Final Judgement of Injunction for failing to participate in a Batterer's Intervention Program and failing to appear for a status hearing.

### I.  Bond Revocation Pursuant to 18 U.S.C. § 3148

Section 3148 provides,

> **(a) Available sanctions**.--A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.
>
> **(b) Revocation of release**.--The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a

proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer-
   **(1)** finds that there is--

      **(A)** probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
      **(B)** clear and convincing evidence that the person has violated any other condition of release; and

   **(2)** finds that--

      **(A)** based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
      **(B)** the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(a), (b).

Applying the above cited section in a *pre-trial* context, the Second Circuit has held that after a hearing on the motion to revoke bond, the court must order detention if the court finds that two conditions are satisfied. *See Gotti*, 794 F.2d at 776. First, the court must find either probable cause to believe that the defendant has committed a state or federal crime while on release, or clear and convincing evidence that the defendant has violated some other condition of

release. Second, the court must find either that there is no combination of conditions of release that will prevent the defendant from fleeing or posing a danger to the safety of the community or any other person, or that it is unlikely that he will abide by any condition. *See Id*.

> The Fifth Circuit similarly noted that to properly revoke a bond pursuant to § 3148(b),
>
> > the district court must have found (1)that there was either probable cause that [the defendant] committed a crime while on release *or* clear and convincing evidence that he violated any *other* condition of release, *and* (2) that either no condition or combination of conditions will assure that [the defendant] will not pose a danger to any other person or the community *or* that [the defendant] is unlikely to abide by any condition or combination of conditions or (*sic*) release.

*Aron*, 904 F.2d at 224 (*emphasis in original*).

As to the burden of proof in the context of *pre-trial* detention, the *Gotti* court found that on its face, § 3148(b)(1)(B) requires a finding of clear and convincing evidence that the person has violated "any other condition of release." *See Gotti*, 794 F.2d at 777. With respect to § 3148(b)(2), *Gotti* further held that findings made pursuant to that section may be established by a preponderance of the evidence. *See Id.* at 778. The Fifth Circuit has followed *Gotti* in its interpretation of the standard required under § 3148(b)(2). *See Aron*, *supra* at 224.

The Rules of Criminal Procedure provide that a magistrate judge may release or detain a person charged with violating *probation* pursuant to 18 U.S.C. § 3143(a). *See United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994); Fed. R. Crim. P. 32.1(a)(6), 46(c). Both Rules 32.1(a)(6) and 46(c) provide that the Defendant bears the burden of establishing that he or she will not flee or pose a danger to any other person or to the community. Moreover, the Court is required to detain the

defendant unless the Court finds by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. *See* 18 U.S.C. §§3142(e-f), 3143(a), and 3148(a-b).

In *United States v. Davis (Brooks)*, 845 F.2d 412 (2d Cir. 1988), the Second Circuit concluded that the procedures prescribed in § 3142 for a detention hearing, while not controlling, provide guidance for a bond revocation hearing.

At the May 16, 2007, hearing the defendant knowingly, intelligently, and voluntarily admitted to violation of the first five conditions of release. The Government and the Defendant agreed that violation number 6 did not involve conviction of a crime, rather it involved violation of an injunction for protection against domestic violence. The Government indicated that a Third Superseding Petition would be forthcoming to reflect that change.

As to violation number five, the Defendant testified that he missed sex offender treatment program classes due to a meeting with his attorney and a job interview. The Defendant failed to make up the classes because he could not afford the rescheduling fees. He also admitted that he missed an appointment with his probation officer where he was supposed to drop of his job interview log because he forgot.

The Government proffered that the Defendant has had 3 prior violations of probation. A review of his PSI reflects violations of probation in 1994, 1995, and 1996. A warrant for the 1994 violation was outstanding when the defendant committed the instant offense of conviction, resulting in two additional criminal history points. Additionally, the offense of conviction was committed within two years of release from a sentence of imprisonment, resulting in an

additional criminal history point, bring his total to 11 criminal history points and a criminal history category of V.

This Court concludes that there was clear and convincing evidence that the Defendant has violated a condition of release. *See* 18 U.S.C. § 3148(b)(1)

In addition to the findings already discussed under § 3148(b)(1), this Court also finds, by a preponderance of the evidence,[1] that the defendant is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(2).

Accordingly, **IT IS HEREBY ORDERED THAT** the Defendant's Bond is **HEREBY REVOKED**. This Court **further ORDERS** that DAVID DICKINSON be detained.

**IT IS HEREBY ORDERED** that DAVID DICKINSON be committed to the custody of the Attorney General for confinement in a corrections facility. The Court also directs that DAVID DICKINSON be afforded reasonable opportunity for private consultation with counsel, and that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers this 23 day of May, 2007, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*
_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Gotti*, *supra*, at 777 (holding that findings under § 3148(b)(2) need only be made by a preponderance of the evidence); *Aron, supra*, at 224 (following *Gotti*).

Copies to:
Counsel of record
U.S. Marshal
U.S. Pretrial Services