UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6261-CR-RYSKAMP/JOHNSON

UNITED STATES OF AMERICA,

                     Plaintiff,

vs.

DAVID DICKINSON,

                     Defendant.     /
_____

### *REPORT AND RECOMMENDATION*

**THIS CAUSE** came before the Court on May 30, 2007, for a hearing on alleged violations of supervised release. The defendant is charged with violation of his supervised release:

1.       Violation of mandatory condition, by failing to refrain from violation of the law.

On or about January 13, 2007, the Defendant failed to report, within 48 hours, any change in permanent or temporary address in person to the driver's license officer of the Department of Highway Safety Motor Vehicles, pursuant to Florida Sex Offender Statute 944.607, a third degree felony.

2.       Violation of standard condition, by failing to notify the Probation Officer within

            seventy-two hours of being arrested or questioned by a law enforcement officer.

On or about January 11, 2007, the Defendant was questioned by Sunrise Police Department, Broward County Florida, in relation to a domestic violence incident/restraining order and failed to advise the U. S. Probation Officer until January 17, 2007.

3.    Violation of standard condition, by failing to notify the Probation Office of any change in residence.

On or about January 11, 2007, the Defendant moved from his approved residence and failed to notify the Probation Office until January 16, 2007.

4.    Violation of special condition, by failing to maintain full-time, legitimate employment or being unemployed for a term of more than thirty (30) days.

On or about November 9, 2006, the Defendant was terminated from his employment at Anything on Wheels and has remained unemployed fo a term of more than thirty (30) days.

5.    Violation of special condition, by failing to participate in a sex offender treatment program to include psychological testing and polygraph examination.

On or about February 6, 2007, February 28, 2007, March 6, 2007 and March 20, 2007, the Defendant failed to participate in a sex offender treatment program at the Clinical and Forensic Institute as evidenced by the Notification of Failure to Attend submitted by the program.

6.    Violation of mandatory condition, by failing to refrain from violation of the law.

On or about January 25, 2007, the Defendant did commit the offense of Domestic Violence, contrary to Flroida Statute 741.30.

Furthermore, on April 4, 2007, the Defendant was arrested by the Florida Department of Corrections for failing to comply with the Final Judgment of Injunction, dated January 25, 2007, in that he failed to enroll and participate in a Batterer's Intervention Program and he failed to appear for a status hearing regarding his enrollment and participation in such.

The defendant consulted with counsel and admitted to violating the conditions of supervised release on the Second Superseding Petition. The Court having found that the defendant voluntarily and knowingly admitted to the violation of his supervised release.   Based  upon this finding, this

Court   recommends to the District Court that David Dickinson be found in violation of his

supervised release and recommends that the United States District Court proceed to sentencing in

this matter.

Pursuant to 28 U.S.C. §636(b)(1)(B)and (C), the parties shall serve and file written

objections, if any, with the Honorable Kenneth L. Ryskamp, United States District Court Judge

within ten (10) days from the date of this report and recommendation.

**DONE AND SUBMITTED** in Chambers at West Palm Beach, Florida, this 4th day of June,

2007.

**LINNEA R. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

c:    The Honorable Kenneth L. Ryskamp
      Donald Chase, AUSA
      Alvin Entin, Esq.
      Patricia Brinson, USPO